The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2009–05–142.

Decided Feb. 1, 2010.

Robin N. Piper, Butler County Prosecuting Attorney, and Gloria J. Sigman, Assistant Prosecuting Attorney, for appellee.

Brian Harrison, for appellant.

BRESSLER, Presiding Judge.

{¶ 1} Defendant-appellant, Scott O. Brown, appeals the decision of the Butler County Court of Common Pleas, convicting him of possession of cocaine.

{¶ 2} During the early morning hours of August 1, 2008, two Butler County police officers performed a routine foot patrol at the America's Best Value Inn in Fairfield, Ohio, a hotel known to harbor drug-related activity. During their watch, the officers heard the repeated use of a lighter inside one of the hotel rooms. Based on the officers' experience, they suspected that the occupants of the room were lighting a crack pipe. One officer knocked on the hotel door. The other officer, positioned outside the room window, witnessed three men and one woman moving drug paraphernalia from the bedroom into the bathroom. Appellant answered the door, allowed the officers into the room and permitted them to search the area. During the search, officers found three crack pipes containing crack cocaine residue and a Baggie containing .46 grams of crack cocaine. The officers also discovered additional drug paraphernalia and a video camera containing footage from that evening of appellant and another man sharing a crack pipe. During the investigation, appellant also admitted that the woman in the hotel room had been brought there for paid sex.

{¶ 3} Appellant was indicted for two counts of possession of cocaine in violation of R.C. 2925.11. Count one charged appellant with possession or constructive possession of .46 grams of cocaine and crack cocaine found in the hotel room. The second count of possession was based on appellant's video-recorded use of a crack pipe. He was also indicted on one count of soliciting in violation of R.C. 2907.24(A). Appellant was convicted of all three counts in a bench trial and was sentenced to consecutive nine-month prison terms for each count of possession and a 60-day jail sentence for the soliciting charge. Appellant appeals his two convictions for possession of cocaine and raises one assignment of error for our review.

{¶ 4} Assignment of error No. 1:

{¶ 5} "The trial court erred to the prejudice of appellant when it convicted appellant of two allied offenses of similar import."

{¶ 6} Appellant argues that his conviction on both counts of possession of cocaine is error because they are allied offenses of similar import. Thus, appellant asserts, he may be convicted of one offense, but not both.

{¶ 7} Ohio's multiple-count statute, R.C. 2941.25, guards against "multiple punishments for the same criminal conduct." *State v. Carroll*, Clermont App. Nos. CA2007-02-030 and CA2007-03-041, 2007-Ohio-7075, 2007 WL 4555782, ¶ 91. R.C. 2941.25(A) provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 8} The Ohio Supreme Court has set forth a two-step analysis when considering whether two crimes are allied offenses of similar import under R.C. 2941.25. *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 14. In the first step, "the elements of the two crimes are compared. If the elements of the [offenses] correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses." *State v. Nicholas* (1993), 66 Ohio St.3d 431, 434, 613 N.E.2d 225. "The defendant may not be convicted of both [offenses] unless the court finds that the defendant committed the crimes separately or with separate animus." *State v. Rance* (1999), 85 Ohio St.3d 632, 638–639, 710 N.E.2d 699. Finally, if an appellate court finds that two offenses are allied under R.C. 2941.25, the state may choose which of the two offenses to pursue on sentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24. The trial court must "accept the state's choice and merge the [offenses] into a single conviction for [re]sentencing." Id.

{¶ 9} In this case, the trial court rejected appellant's argument at sentencing that both counts of possession constituted allied offenses of similar import, stating, "They are different acts of cocaine * * * and they were possessions of different amounts of cocaine, so they aren't the same."

{¶ 10} In this case, appellant was convicted twice under R.C. 2925.11(A) for possession of cocaine. It is clear that both counts of possession involve the same statutory elements, making them allied offenses of similar import under the first step of the analysis. To be guilty of possession under R.C. 2925.11(A), the offender must "knowingly obtain, possess, or use a controlled substance." The basis for count one was the trial court's finding that appellant was in "possession

or constructive possession of .46 grams of cocaine and crack cocaine found in the hotel room he rented." The basis for count two was the trial court's finding that appellant used crack cocaine, as recorded on video. Both counts fit neatly within the statutory definition of "possession." Thus, we will focus our analysis on the second step of the test to determine whether appellant committed both offenses with a "separate animus" under R.C. 2941.25(B). *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 31.

{¶ 11} Under the second step of the analysis, we must review appellant's conduct to determine whether the offenses were committed separately, or whether both violations arose out of the same conduct. R.C. 2941.25(B). "[I]f a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B)." *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d 699. We find appellant's situation analogous to *Cabrales*, in which the Ohio Supreme Court held that trafficking in marijuana and possession of that same marijuana under R.C. 2925.11(A) were allied offenses of similar import because "commission of the first offense necessarily result[ed] in the commission of the second [offense]." *Cabrales* at ¶ 30. The court continued, stating that defendant "trafficked in and possessed" the marijuana with a single animus: to sell it. Id. at ¶ 31.

{¶ 12} In this case, we find that both counts of possession of cocaine were performed with a single animus: to smoke crack cocaine. On the night of August 1, 2008, appellant rented a hotel room with a few friends, equipped with crack cocaine, crack pipes, and an array of additional drug paraphernalia. There is no evidence to indicate that appellant planned to sell the remaining .46 grams of crack cocaine or do anything other than continue to use it with his companions. Abiding by the *Cabrales* reasoning, we conclude that in order for appellant to use the crack cocaine, appellant *necessarily* had to possess the unused portion of the substance, at least momentarily, before use. Thus, this court is satisfied that both offenses were committed with the same animus under R.C. 2941.25(B), and therefore the offenses merge.

{¶ 13} Appellant's single assignment of error is sustained. We reverse the judgment of conviction for counts one and two and remand this case for the state to elect which offense appellant is to be sentenced on and for the trial court to resentence appellant accordingly.

Judgment
accordingly.

POWELL and HENDRICKSON, JJ., concur.