594

The STATE of Ohio, Appellee,

v.

CRAYCRAFT, Appellant.

[Cite as *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

Nos. CA2009–02–013 and CA2009–02–014.

Decided Jan. 31, 2011.

Donald W. White, Clermont County Prosecuting Attorney, and David H. Hoffmann, Assistant Prosecuting Attorney, for appellee.

Michaela M. Stagnaro, for appellant.

HENDRICKSON, Judge.

{¶ 1} On remand from the Ohio Supreme Court, we have been directed to consider the application of the high court's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, to the case at bar. Upon having done so, we reverse the trial court's judgments in part and remand the cause.

{¶ 2} In the proceedings below, defendant-appellant, Jeremiah C. Craycraft, was convicted of felonious assault, child endangering, and domestic violence. Appellant and his girlfriend, Staci Kraft, are the parents of K.C. and S.C., fraternal twins born on March 3, 2007. When the twins were approximately two months old, they were diagnosed with serious injuries including broken bones and subdural hematomas. The twins were promptly removed from the home by children's services.

{¶ 3} On June 13, 2007, appellant was indicted on two counts of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; two counts of child endangering in violation of R.C. 2919.22(A), a third-degree felony; and two additional counts of child endangering in violation of R.C. 2919.22(B)(1), a second-degree felony. A second indictment returned by the grand jury on December 5, 2007, added two counts of domestic violence in violation of R.C. 2919.25(A), a third-degree felony. The two cases were consolidated. Following a jury trial, appellant was convicted on all eight counts and sentenced to an aggregate prison term of 22 years.

{¶ 4} On appeal, this court upheld appellant's convictions in *State v. Craycraft*, Clermont App. Nos. CA2009–02–013 and CA2009–02–014, 2010-Ohio-596, 2010 WL 610601 (*Craycraft I* ). Appellant subsequently appealed to the Ohio Supreme Court. The high court reversed this court's decision and remanded the case for application of the *Johnson* decision.

{¶ 5} The high court's remand requires us to revisit only one of the six assignments of error raised by appellant and addressed by this court in *Craycraft I*. Appellant's sixth assignment of error stated as follows:

{¶ 6} "The trial court erred as a matter of law by improperly sentencing appellant as appellant's convictions for felonious assault, child endangering and domestic violence were allied offenses of similar import."

{¶ 7} Appellant insists that the trial court erred in sentencing him on his convictions for felonious assault, child endangering, and domestic violence because these offenses are allied offenses of similar import under R.C. 2941.25.

{¶ 8} R.C. 2941.25, Ohio's multiple-count statute, prohibits the imposition of multiple punishments for the same criminal conduct. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, 928 N.E.2d 782, ¶ 7. The statute provides:

{¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

■ {¶ 11} The Ohio Supreme Court established a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 (overruling *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699). The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. Id. at ¶ 48. It is not necessary that the commission of one offense will *always* result in the commission of the other. Id. Rather, the question is whether it is *possible* for both offenses to be committed by the same conduct. Id., quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 119, 526 N.E.2d 816. Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51.

{¶ 12} If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. Id. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., concurring in judgment only). If so, the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. Id. at ¶ 51.

■ {¶ 13} We employ the *Johnson* analysis to determine whether felonious assault, second- and third-degree child endangering, and domestic violence are allied offenses of similar import under R.C. 2941.25. First we examine whether it is possible to commit each of these offenses with the same conduct. *Johnson* at ¶ 48.

{¶ 14} The offense of felonious assault under R.C. 2903.11(A)(1) requires proof that the defendant knowingly caused serious physical harm. Domestic violence under R.C. 2919.25(A) requires proof that the defendant knowingly caused physical harm to a family or household member. Third-degree felony child

endangering under R.C. 2919.22(A) requires proof that a parent or other actor listed in the statute recklessly created a substantial risk to the health or safety of a minor child by violating a duty of care, protection, or support, resulting in serious physical harm. Finally, second-degree felony child endangering under R.C. 2919.22(B)(1) requires proof that the defendant recklessly abused a minor child, resulting in serious physical harm.

{¶ 15} We conclude that it is possible to commit the offenses of felonious assault, second- and third-degree child endangering, and domestic violence with the same conduct. *Johnson* at ¶ 48. Where, as here, a parent violates his duty of care and thereby knowingly inflicts serious physical harm upon a minor child, it is possible for him to have committed all of these offenses. Because we answer the first inquiry in the affirmative, we must next examine whether appellant in fact committed the offenses by way of a single act, performed with a single state of mind. Id. at ¶ 49.

{¶ 16} The offenses were based on the following conduct, as revealed by evidence adduced at trial. Appellant sometimes baby-sat the twins alone while Staci was at work. He conceded that the babies always seemed to sustain their injuries while in his care. However, appellant attributed their injuries to a number of household "accidents." He also admitted to employing certain techniques to soothe the crying babies that may have unintentionally injured them. Appellant described some of these techniques and demonstrated them on a baby doll in videotaped interviews with law enforcement officials. Testimony offered by a number of witnesses referred in depth to the various injuries sustained by both babies and the manner in which the injuries were typically inflicted.

{¶ 17} Appellant was convicted on two counts for each of the offenses. While one count always pertained to K.C. and the other to S.C., the indictments neglected to specify which victim matched up with which count for any of the offenses. Additionally, the evidence at trial was generally presented and was not allocated to specific counts in the indictment.

{¶ 18} Due to the way the case was indicted and tried, it is impossible for us to parse out which allegations of appellant's conduct were meant to support which charges. As our own analysis of appellant's manifest-weight challenge in *Craycraft I* reveals, none of the injuries sustained by the twins were explicitly linked to separate counts in the indictments. Rather, the state relied upon the same conduct to prove the offenses of felonious assault, second- and third-degree child endangering, and domestic violence. *Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 56. Although the testimony indicates that there were separate injuries and, in all likelihood, separate incidents of abuse, appellant's convictions for all of the offenses were generally based on the series of events

that resulted in the twins' injuries. The charges were never connected to particular instances of appellant's conduct.

{¶ 19} Because this was a pre-*Johnson* case, the charges were pursued collectively in contemplation of the now overruled *Rance* analysis for allied offenses of similar import. Following *Johnson,* it is likely that criminal cases will proceed differently from the indictment forward. In the present matter, neither the parties, nor the trial court, nor this court could have anticipated the *Johnson* decision and its impact on the allied-offenses analysis. However, because *Johnson* is now the law and this case cannot be retried due to double-jeopardy concerns, we are compelled to view the record as it stands in revisiting the issue.

{¶ 20} Upon reviewing the case, it is evident that the state relied upon the same conduct to support appellant's convictions for felonious assault, second- and third-degree child endangering, and domestic violence on the four counts pertaining to K.C. Consequently, the offenses concerning K.C. are allied offenses of similar import and must be merged. Id. at ¶ 50. Similarly, the state relied upon the same conduct to support appellant's convictions on the four counts concerning S.C. Consequently, the offenses pertaining to S.C. are allied offenses of similar import and must be merged. Id.

{¶ 21} As far as we can discern, the state retains the right to elect which allied offense to pursue at sentencing following a remand to the trial court, and the trial court is still bound by the state's election. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 20, 24. This prior decree issued by the Ohio Supreme Court in *Whitfield* appears to be unchanged in the wake of *Johnson.*

{¶ 22} Insofar as the trial court failed to merge the allied offenses, the judgments of the trial court are reversed, and this matter is remanded for further proceedings according to law and consistent with this opinion.

> Judgments affirmed in part
> and reversed in part,
> and cause remanded.

BRESSLER, P.J., and POWELL, J., concur.