The STATE of Ohio, Appellee,

v.

CLAY, Appellant.

[Cite as *State v. Clay*, 196 Ohio App.3d 305, 2011-Ohio-5086.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA2011-02-004.

Decided Oct. 3, 2011.

306

Stephen J. Pronai, Madison County Prosecuting Attorney, and Kirsten J. Gross, Assistant Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.

HUTZEL, Judge.

{¶ 1} Defendant-appellant, Jamie Clay, appeals the decision of the Madison County Court of Common Pleas sentencing him to six years in prison in a bank-robbery case.

{¶ 2} Appellant was indicted in November 2010 on one count each of robbery in violation of R.C. 2911.02(A)(3), possession of criminal tools in violation of R.C. 2923.24(A), and vandalism in violation of R.C. 2909.05(B)(2). The state alleged that on November 9, 2010, appellant went into the Merchant's National Bank in London, Ohio, handed a bank teller a handwritten note that stated he would kill everyone if his demands were not met (he was in fact unarmed), received an unspecified amount of money from the teller, grabbed the note and the money, and fled from the bank. Appellant was apprehended shortly thereafter along with his girlfriend. After being arrested and placed in a police cruiser and upon believing police officers were handling his girlfriend roughly, appellant kicked out the window of the cruiser. This act led to the vandalism charge.

{¶ 3} Appellant pleaded guilty to all three counts. On February 2, 2011, the trial court sentenced him to six years in prison—five years for the robbery conviction and one year each for the possession-of-criminal-tools conviction and vandalism conviction, to be served concurrently with one other but consecutively to the robbery charge. Appellant was sentenced to the maximum prison term on all three counts.

{¶ 4} Appellant appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} "The imposition of maximum, consecutive sentences is unreasonable and not commensurate with the severity of the crime committed."

{¶ 7} Appellant argues that the trial court's imposition of maximum, consecutive sentences for his crimes is an abuse of discretion and contrary to law. Appellant asserts that the trial court failed to consider, pursuant to the seriousness factors in R.C. 2929.12(B) and (C), the fact that he was unarmed and did not cause or expect to cause physical harm during the robbery.

{¶ 8} "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100.

{¶ 9} When an appellate court reviews a trial court's sentence, it must first "examine the sentencing court's compliance with all applicable rules and

statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. If the sentence meets the first prong, then "the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Id.*

{¶ 10} In applying the first prong of the test outlined in *Kalish,* a trial court must consider statutes specific to the case itself to ensure that the sentence falls within the proper range. *Kalish* at ¶ 13. The trial court must also impose the correct term of postrelease control and consider the "purposes and principles" of R.C. 2929.11 and the factors listed in R.C. 2929.12. Id. However, the trial court still "has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." Id. at ¶ 17. If a trial court complies with the applicable statutes and rules, an abuse-of-discretion analysis follows. Id. An abuse of discretion "implies that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Miller,* Butler App. No. CA2010–12–336, 2011-Ohio-3909, 2011 WL 3443490, ¶ 12. A trial court has not abused its discretion as long as it "gave careful and substantial deliberation to the relevant statutory considerations." *Kalish* at ¶ 20.

{¶ 11} With regard to the first prong of the *Kalish* test, the trial court imposed the maximum sentence of five years in prison for the robbery conviction (a third-degree felony), and the maximum sentence of 12 months in prison for both the possession-of-criminal-tools conviction and the vandalism conviction (both fifth-degree felonies). The trial court ran the sentences for possession of criminal tools and vandalism concurrently with one another but consecutively to the sentence for the robbery conviction, for a total of six years in prison. The sentence imposed by the trial court falls within the applicable statutory range for each respective felony. See R.C. 2929.14(A)(3) and (5). The trial court also considered the "purposes and principles" of R.C. 2929.11 and the factors of R.C. 2929.12 when determining the appropriate sentence. The judgment entry clearly states that after considering the sentencing factors of R.C. 2929.12, "the Court finds a prison term is consistent with the purposes and principles of sentencing set forth in [R.C.] 2929.11 * * * and [that] defendant is not amenable to an available community control sanction." We find that the sentence is not clearly and convincingly contrary to law.

{¶ 12} With regard to the second prong of the *Kalish* test, i.e., whether the sentence is an abuse of discretion, the trial court found the offenses to be "more serious because the bank employees were threatened with serious physical harm; recidivism factors indicate a high risk of recidivism; the defendant has a history of criminal convictions; the defendant has a history of violent behavior including attempted murder [appellant was previously convicted of attempted murder and sentenced to nine years in prison]; the defendant has not responded

well to sanctions previously imposed; the defendant was on probation [for his prior conviction of attempted murder] at the time of the offense; the defendant has previously served a prison term; a prison sentence is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim; * * * a prison sentence is necessary to punish the offender and protect the public from future crime by the offender and others." In light of the foregoing, we cannot say the sentence was unreasonable, arbitrary, or unconscionable.

{¶ 13} Appellant's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} "The court erred in the imposition of a consecutive sentence for Count II, criminal tools as that charge merged with the robbery offense for purposes of sentencing."

{¶ 16} Appellant argues that the trial court erred in sentencing him on both robbery and possession of criminal tools because the offenses are allied offenses of similar import under R.C. 2941.25. The criminal tool was the threatening handwritten note handed to the teller.

{¶ 17} R.C. 2941.25, Ohio's multiple-count statute, prohibits the imposition of multiple punishments for the same criminal conduct. *State v. McCullough*, Fayette App. Nos. CA2010–04–006 and CA2010–04–008, 2011-Ohio-992, 2011 WL 773414, ¶ 11. The statute provides:

{¶ 18} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 19} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 20} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25 (thereby overruling *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699). The first inquiry focuses on "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) Id. at ¶ 48. It is not necessary that the commission of one offense will always result in the commission of the other. Id. Rather, the question is whether it is *possible* for

both offenses to be committed by the same conduct. Id. Conversely, if the commission of one offense will never result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51; *McCullough*, 2011-Ohio-992, 2011 WL 773414, at ¶ 14.

{¶ 21} If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. *Johnson* at ¶ 49. If so, the offenses are allied offenses of similar import and must be merged. Id. at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. Id. at ¶ 51; *McCullough* at ¶ 15.

{¶ 22} Applying the *Johnson* analysis, we first determine whether it is possible for robbery and possession of criminal tools to be committed with the same conduct.

{¶ 23} Appellant was charged with violating R.C. 2911.02(A)(3) (robbery), which states: "No person, in * * * committing a theft offense, shall * * * [u]se or threaten the immediate use of force against another." Appellant was also charged with violating R.C. 2923.24(A) (possession of criminal tools), which states: "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." We conclude that it is possible to commit both offenses with the same conduct. When, as here, a defendant commits a theft by using an object to threaten the immediate use of force, it is possible for the defendant to have committed both robbery and possession of criminal tools.

{¶ 24} We next determine whether appellant in fact committed both offenses by way of a single act, performed with a single state of mind. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 49. In the case at bar, appellant used the handwritten note to commit the robbery; the note was also the subject of the possession-of-criminal tools conviction. It is evident that the state relied upon the same conduct (presenting the note to a bank teller) to support appellant's conviction for robbery and for possession of criminal tools. The offenses are therefore allied offenses of similar import and must be merged. Id. at ¶ 50; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26 (allied offenses of similar import must be merged at sentencing).

{¶ 25} It follows that the trial court's failure to merge robbery and possession of criminal tools at sentencing and its imposition of individual sentences for both offenses constitute plain error. *Underwood* at ¶ 26, 31 (a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import; imposition of multiple sentences for allied offenses of similar import is plain error).

{¶ 26} The state nevertheless asserts that the trial court's sentencing had no practical or prejudicial effect on appellant because "[e]ven if the sentence for [possession of criminal tools] was found to merge with the sentence for [robbery], the aggregate sentence would remain six years, as the sentence [for vandalism] remains intact." In other words, six years is six years. "However, even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law."[1]  Id. at ¶ 31.

{¶ 27} Insofar as the trial court failed to merge the offenses of robbery and possession of criminal tools at sentencing, the judgment of the trial court imposing individual sentences for both offenses is reversed, and this matter is remanded for further proceedings according to law and consistent with this opinion. We note that pursuant to *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, the state retains the right to elect which allied offense to pursue at sentencing following a remand to the trial court and the trial court is bound by the state's election. *Whitfield* at ¶ 20, 24; *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413, 953 N.E.2d 337, ¶ 21. The holding in *Whitfield* appears to remain unchanged in the wake of *Johnson*.

{¶ 28} Appellant's second assignment of error is well taken and sustained.

Judgment affirmed in part
and reversed in part,
and cause remanded.

HENDRICKSON, P.J., and PIPER, J., concur.

---

1.  " 'R.C. 2941.25(A)'s mandate that a defendant may be "convicted" of only one allied offense is a protection against multiple sentences rather than multiple convictions. [F]or purposes of R.C. 2941.25, a "conviction" consists of a guilty verdict *and* the imposition of a sentence or penalty.' " (Emphasis sic.) *McCullough*, 2011-Ohio-992, 2011 WL 773414, at ¶ 28, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12, 18.