[Cite as *State v. Clay*, 2013-Ohio-4984.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2013-04-013 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N <br> 11/12/2013 |
| - vs - | : | |
| | : | |
| JAMIE CLAY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20100137


Stephen J. Pronai, Madison County Prosecuting Attorney, Eamon P. Costello, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Joshua Beasley, 8 East Main Street, West Jefferson, Ohio 43162, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Jamie Clay, appeals from a Madison County Court of Common Pleas decision resentencing him upon remand from this court. For the reasons set forth below, we affirm Clay's sentence.

{¶ 2} This case is before this court for the third time on appeal. Clay was indicted on November 10, 2010, for one count of robbery in violation of R.C. 2911.02(A)(3), one count of possession of criminal tools in violation of R.C. 2923.24(A), and one count of vandalism in

violation of R.C. 2909.05(B)(2). Clay pled guilty to all three counts. The facts underlying Clay's convictions are more fully discussed in *State v. Clay*, 196 Ohio App.3d 305, 2011-Ohio-5086 (12th Dist.) (*Clay I*). The following facts, related to the sentencing of Clay, are relevant to the current appeal.

{¶ 3} On February 2, 2011, the trial court sentenced Clay to a total of six years in prison. Clay received a sentence of one year for the possession of criminal tools and one year for vandalism which were to run concurrent to each other but consecutive to the five years he received for robbery. Clay appealed his sentence to this court.

{¶ 4} On direct appeal, we affirmed the trial court's imposition of maximum, consecutive sentences. *Clay I* at ¶ 13. However, we reversed the portion of his sentence for robbery and possession of criminal tools finding these to be allied offenses of similar import. *Id.* at ¶ 27. The matter was remanded to the trial court with instructions to merge the offenses after the state elected which of the allied offenses to pursue. *Id.*

{¶ 5} Prior to Clay being resentenced, 2011 Am.Sub.H.B. No. 86 (H.B. 86) went into effect on September 30, 2011. H.B. 86 amended certain sentencing statutes, including R.C. 2929.14(A)(3). Amended R.C. 2929.14(A)(3) reduced the maximum possible prison term for certain third-degree felonies, including third-degree felony robbery. During Clay's resentencing hearing on November 4, 2011, the trial court found that H.B. 86 applied to Clay because he was being resentenced after the effective date of H.B. 86. Accordingly, the trial court found that the maximum penalty it could impose for Clay's third-degree felony robbery conviction was 36 months, rather than five years. Thereafter, the trial court ordered a sentence of 36 months for the robbery offense to be served consecutively to the one-year sentence for vandalism. Clay again appealed his sentence. *State v. Clay*, 12th Dist. Madison No. CA2011-12-016, 2012-Ohio-5011 (*Clay II*).

{¶ 6} In *Clay II*, Clay appealed pro se and argued that the trial court "improperly

imposed maximum and consecutive sentences in violation of H.B. 86." *Clay II* at ¶ 12. Upon review, this court found that the trial court's application of H.B. 86 was contrary to law. *Id.* at ¶ 22. In reaching this determination, we recognized that the General Assembly only intended H.B. 86 to apply retroactively to offenders who fell within the exception found in R.C. 1.58(B). *Id.* at ¶ 15. Thereafter, we found that Clay did not fall within the exception in R.C. 1.58(B) because he had a "'penalty imposed' on the robbery and criminal tools offenses at the original sentencing hearing on February 2, 2011, prior to the effective date of H.B. 86." *Id.* at ¶ 18. Accordingly, we reversed the sentence for robbery and remanded the matter to the trial court for resentencing. *Id.* at ¶ 22. On remand, we instructed the trial court "to apply the sentencing laws, including R.C. 2929.14, that were in effect prior to the effective date of H.B. 86." *Id.*

{¶ 7} The trial court held a third sentencing hearing on March 20, 2013. At this hearing, pursuant to this court's remand, the trial court recognized that the maximum sentence available was five years. Ultimately, the trial court sentenced Clay to a five-year prison term for the robbery offense to be served consecutively to the one-year prison term for vandalism.[1]

{¶ 8} Clay now appeals the trial court's decision, raising one assignment of error for review:

{¶ 9} THE TRIAL COURT ERRED IN FINDING ORC 1.58(B) INAPPLICABLE TO APPELLANT AND SENTENCING APPELLANT TO 5 YEARS ON A ROBBERY CHARGE WHEN THE APPLICABLE LAW ONLY ALLOWED A MAXIMUM OF 36 MONTHS.

{¶ 10} In the current appeal, Clay makes it clear that he is challenging both "the

---

1. Clay's sentence for vandalism was affirmed in *Clay I* and *Clay II*. *Clay I* at ¶ 13, 27; *Clay II* at ¶ 24. In addition, in *Clay I*, we affirmed the trial court's decision ordering the sentences to be served consecutively. *Clay I* at ¶ 6-13.

sentence of February, 2, 2011, and the sentence of March 20, 2013." Clay contends that this court's reversal of his sentence for robbery in *Clay I* rendered his original February 2, 2011 sentence void. As a result, Clay argues that the first valid sentence on the robbery offense was entered on November 5, 2011, after the effective date of H.B. 86, and accordingly, he should have received the benefit of the reduced maximum sentence pursuant to R.C. 1.58(B). As to the March 2013 sentence, Clay asserts that this sentence is also void and "not in accordance with statutorily mandated terms" because at the time of the hearing, the maximum sentence for a third-degree felony robbery was 36 months.

{¶ 11} In the present case, any arguments related to Clay's February 2, 2011 sentence are barred by the doctrine of the law of the case. "The law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 35. Pursuant to this doctrine, decisions made by a reviewing court regarding legal questions remain the law of that case for all subsequent proceedings at both the trial and appellate levels. *State v. Carpenter*, 12th Dist. Butler No. CA2008-05-122, 2009-Ohio-1165, ¶ 28, citing *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984). Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. *Carpenter* at ¶ 28. In essence, the doctrine compels trial courts to adhere to a reviewing court's mandates. *State v. Blacker*, 12th Dist. Warren No. CA2011-02-012, 2011-Ohio-3916, ¶ 29.

{¶ 12} This court considered and rejected each of the arguments now advanced by Clay regarding his February 2, 2011 sentence. In *Clay II*, this court determined that Clay did not qualify under R.C. 1.58(B) to receive the reduced sentence provided by H.B. 86 as his penalty for the robbery offense "had already been imposed" on February 2, 2011, prior to the effective date of H.B. 86. *Clay II* at ¶ 18-19. The fact that this court reversed a portion of the

February 2, 2011 sentence due to an allied offense error did not negate the conclusion that Clay had a "penalty imposed." *Id.* at ¶ 18. Moreover, we noted that Clay's success in appealing his original sentence for robbery and possession of criminal tools did not render the sentence void. *Id.* at ¶ 21. Clay was entitled and did indeed appeal our decision in *Clay II* arguing that H.B. 86 applied to him. The Supreme Court declined to accept Clay's appeal. 02/20/2013 *Case Announcements*, 2013-Ohio-553. Therefore, our decision in *Clay II* remained the law of the case. Based on the foregoing, the trial court did not err in finding R.C. 1.58(B) inapplicable and sentencing Clay to five years. *Clay II* at ¶ 19.

{¶ 13} Clay's challenge to his March 2013 resentencing is properly before this court. However, Clay asserts no new arguments challenging the trial court's decision to impose a five-year maximum prison term. Rather, Clay relies on the same arguments advanced regarding the February 2011 sentence. Clay again asserts that 1.58(B) applies, reducing the available maximum penalty for his third-degree felony robbery to 36 months because the resentencing in March 2013 occurred after the effective date of H.B. 86. However, this argument ignores that this court has already determined, as described above, that H.B. 86 is inapplicable to him. *See Clay II* at ¶ 14-22. Because this court has already considered these issues, and specifically determined that 1.58(B) does not apply to Clay, the trial court did not err and was required by the law of the case "to apply the sentencing laws, including R.C. 2929.14, that were in effect prior to the effective date of H.B. 86." *Id.* at ¶ 22. Accordingly, the trial court imposed a sentence within the applicable statutory range for a third-degree felony robbery. *Former* R.C. 2929.14.

{¶ 14} Clay's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.