[Cite as *State v. Wohl*, 2017-Ohio-4367.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-11-218 |
| | : | O P I N I O N<br>6/19/2017 |
| - vs - | : | |
| | : | |
| CAMRON VICTOR WOHL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-06-0791

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Camron Victor Wohl, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to three counts of rape, one count of burglary, and one count of kidnapping. For the reasons outlined below, we affirm.

{¶ 2} On June 20, 2016, the Butler County Grand Jury returned an indictment charging Wohl with three counts of rape in violation of R.C. 2907.02(A)(2), one count of

aggravated robbery in violation of R.C. 2911.01(A)(1), and kidnapping R.C. 2905.01(A)(2), all first-degree felonies. According to the bill of particulars, the charges stemmed from Wohl's conduct on the afternoon of May 31, 2016, when Wohl digitally, vaginally, and anally raped the 73-year-old victim after robbing her of her prescription pain medication and forcing her into her basement holding her at knife-point. Wohl then poured bleach over the victim's head and tied her to a bookshelf in an attempt to evade detection. At the time of the offense, Wohl was 27 years old.

{¶ 3} On August 22, 2016, Wohl entered a guilty plea to the three counts of rape, one count of burglary in violation of R.C. 2911.12(A)(1), a second-degree felony, and kidnapping. Thereafter, on November 10, 2016, the trial court sentenced Wohl to a total aggregate term of 35 years in prison. Wohl now appeals, raising a single assignment of error for review.

{¶ 4} THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO MERGE MR. WOLH'S CONVICTIONS OF RAPE AND BURGLARY AS REQUIRED BY R.C. 2941.25.

{¶ 5} In his single assignment of error, Wohl argues his conviction for burglary and three counts of rape are allied offenses of similar import that should have been merged for purposes of sentencing. We disagree.

{¶ 6} It is undisputed that Wohl did not argue that his convictions for burglary and three counts of rape were allied offenses of similar import. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 25. Pursuant to Crim.R. 52(B), plain error exists where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050, 2011-Ohio-411, ¶ 20, citing *State v. Barnes*,

94 Ohio St.3d 21, 27, 2002 Ohio 68 (2002). The imposition of multiple punishments for allied offenses of similar import amounts to plain error. *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 35.

{¶ 7} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8} Although previously applying the two-part test as outlined in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court has since clarified the test for allied offenses in *State v. Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-995. Under the *Ruff* test, in determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, "courts must evaluate three separate factors – the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. In conducting this analysis, if any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance, in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; and (3) the offenses were committed with separate animus or motivation. *Id.* at ¶ 25. Thus, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable."

*Id.* at ¶ 26. This court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28.

{¶ 9} As noted above, Wohl was convicted of one count of burglary and three counts of rape, crimes which he alleges are allied offenses of similar import that should have merged for purposes of sentencing. However, after a thorough review of the record, and contrary to Wohl's claim otherwise, it is clear that the burglary was already completed once Wohl forced his way into the victim's home. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 129. Wohl then committed three separate acts of rape, with an identifiable harm for each, by raping the victim digitally, vaginally, and anally. "It is well-established that distinct, different kinds of sexual activity constitute separate offenses for sentencing purposes." *State v. Chamberlain*, 12th Dist. Brown No. CA2013-04-004, 2013-Ohio-4619, ¶ 71. Therefore, based on the record before this court, we cannot say the trial court erred, let alone committed plain error, by imposing separate sentences for each of these offenses. Accordingly, Wohl's single assignment of error is without merit and overruled.

{¶ 10} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.

- 4 -