[Cite as *State v. Accorinti*, 2013-Ohio-4429.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2012-10-205 |
| Plaintiff-Appellee, | : | CA2012-11-221 |
| | : | O P I N I O N |
| - vs - | | 10/7/2013 |
| | : | |
| PASQUALE E. STEVEN ACCORINTI, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-06-0953

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Pasquale E. Steven Accorinti, appeals from the conviction and sentence he received in the Butler County Court of Common Pleas following his guilty plea to two counts of rape and one count of kidnapping. For the reasons outlined below, we affirm in part, reverse in part, and remand for further proceedings.

{¶ 2} On June 20, 2012, the Butler County grand jury returned an indictment against Accorinti charging him with four counts of rape, three counts of gross sexual imposition, one

count of attempted rape, and one count of kidnapping. The charges stemmed from allegations Accorinti forced K.B., a 12-year-old girl, to engage in a variety of sex acts with him against her will. These included Accorinti digitally penetrating K.B.'s vagina, as well as having vaginal intercourse with her.

{¶ 3} Accorinti initially pled not guilty to all charges. However, on October 10, 2012, a plea agreement was reached in which Accorinti would plead guilty to two counts of rape and one count of kidnapping in exchange for the remaining counts being merged. The parties also entered into an agreed sentence wherein they requested the trial court to impose an aggregate sentence of 20 years to life in prison on the two rape charges. As the trial court stated during the change of plea hearing:

> THE COURT: * * * [T]here has been extensive plea bargaining discussion in this particular case, and I want to make sure that you understand what the sentence will be because there's an agreed sentence in this particular case. If you plead guilty today, the Court will impose two consecutive ten year to life sentences. Do you understand that?
>
> * * *
>
> DEFENDANT: Yes.
>
> THE COURT: Two consecutive, so the maximum sentence will be twenty years to life in prison, and those are twenty years of actual incarceration. In other words, they're mandatory time.

Accorinti then entered his guilty plea which the trial court accepted.

{¶ 4} Thereafter, during the October 17, 2012 sentencing hearing, the trial court merged the kidnapping charge at the state's request finding it to be an allied offense of similar import. The state then elected to proceed on the two rape charges. The trial court subsequently sentenced Accorinti to the agreed sentence of 20 years to life in prison. During the sentencing hearing, the trial court again stated:

> THE COURT: * * * Counts two and four will run consecutive to

each other. Therefore, the actual sentence is two consecutive ten to life sentences. The ten years in both counts are consecutive, and they must be mandatory, so in other words, that he will not be eligible for parole until he serves twenty actual years of incarceration.

The trial court also ordered Accorinti to pay court costs. The trial court, however, did not provide any notice to Accorinti that he could be ordered to perform community service if he failed to pay the costs in accordance with the now former R.C. 2947.23(A)(1)(a).

{¶ 5} Accorinti appeals from his conviction and sentence, raising three assignments of error for review. For ease of discussion, Accorinti's second assignment of error will be addressed out of order.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES FOR THE OFFENSES THAT AROSE FROM THE SAME CONDUCT, WHERE COMMITTED WITH A SINGLE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

{¶ 8} In his first assignment of error, Accorinti claims the trial court erred by failing to merge the two rape charges for purposes of sentencing as they constitute allied offenses of similar import. In support of this claim, Accorinti argues that while he admittedly engaged in "several sexual activities" with his 12-year-old victim, there was "no separate animus for any of the alleged crimes[.]" We disagree.

{¶ 9} At the outset, we note Accorinti never raised the issue of merger in the trial court as it relates to the two rape charges. Regardless, the imposition of multiple sentences for allied offenses of similar import amounts to plain error. *State v. Clay*, 196 Ohio App.3d 305, 2011-Ohio-5086, ¶ 25 (12th Dist.); *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31-33. Therefore, this court will review Accorinti's allied offense argument for plain error.

*State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 14.

{¶ 10} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). As R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 11} The Ohio Supreme Court established a two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Under *Johnson*, the first inquiry focuses on whether it is possible to commit both offenses with the same conduct. *State v. Richardson*, 12th Dist. Clermont No. CA2012-06-043, 2013-Ohio-1953, ¶ 21, citing *Johnson* at ¶ 48. In making this determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is simply whether it is possible for both offenses to be committed with the same conduct. *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413, ¶ 11 (12th Dist.); *State v. Marlow*, 12th Dist. Clermont No. CA2012-07-051, 2013-Ohio-778, ¶ 10.

{¶ 12} If it is possible to commit both offenses with the same conduct, courts must then determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *State v. Lung*, 12th Dist. Brown No. CA2012-03-004, 2012-Ohio-5352, ¶ 11, citing *Johnson* at ¶ 49. If so, the offenses are allied

offenses of similar import and must be merged. *State v. Luong*, 12th Dist. Brown No. CA2011-06-110, 2012-Ohio-4520, ¶ 39. However, if the commission of one offense will never result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 66, quoting *Johnson* at ¶ 51.

{¶ 13} Since the issuance of *Johnson*, several courts, including this one, have continued to follow the well-established principle that "different forms of forcible penetration constitute separate acts of rape for which a defendant may be separately punished." *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 9; *see, e.g., State v. Hernandez*, 12th Dist. Warren No. CA2010-10-098, 2011-Ohio-3765, ¶ 48-49; *State v. Cuthbert*, 5th Dist. Delaware No. 11CAA070065, 2012-Ohio-4472, ¶ 50-51; *State v. Trotter*, 8th Dist. Cuyahoga No. 97064, 2012-Ohio-2760, ¶ 45; *State v. Davic*, 10th Dist. Franklin No. 11AP-555, 2012-Ohio-952, ¶ 16.

{¶ 14} For example, in *Daniels*, the evidence introduced at trial indicated the defendant, Lemar Daniels, digitally penetrated the victim's vagina, forced the victim to perform fellatio, and then finally engaged in vaginal intercourse with the victim. *Id.*, 2013-Ohio-358 at ¶ 8. Following a jury trial, Daniels was found guilty and sentenced on the three counts of rape. *Id.* at ¶ 3. On appeal, Daniels argued the trial court erred, claiming all of the rape charges should have merged for purposes of sentencing as they constituted allied offenses of similar import. *Id.* at ¶ 5. The Ninth District Court of Appeals disagreed by stating, in pertinent part, the following:

> By forcibly penetrating the victim three times in three distinct manners, Daniels separately committed three acts of rape. The acts involved distinct, different kinds of sexual activity. Thus, they were separate offenses for merger purposes, even though

they were committed in the course of the same sexual encounter. Because these offenses involved different, distinct types of sexual activity, they each constituted a separate crime, and their merger was not required by R.C. 2941.25(B). (Internal citations, quotation, and brackets omitted.)

*Id.* at ¶ 10.

{¶ 15} The First District Court of Appeals reached the same conclusion in *State v. Strong*, 1st Dist. Hamilton Nos. C-100484 and C-100486, 2011-Ohio-4947, ¶ 71, wherein the court found two counts of rape involving different types of sexual activity, vaginal intercourse and digital penetration, were committed separately and should not be merged for sentencing purposes. *See also State v. Drummonds*, 1st Dist. Hamilton No. C-110011, 2011-Ohio-5915, ¶ 7-9 (finding trial court did not err in failing to merge two counts of rape involving digital penetration and cunnilingus).

{¶ 16} The rationale applied by the Fifth and First Districts in *Daniels* and *Strong* likewise applies in this case. As the record clearly indicates, Accorinti pled guilty to two counts of rape after it was alleged he digitally penetrated K.B.'s vagina, and had vaginal intercourse with her. These are two distinct types of sexual activity, each constituting a separate crime, for which Accorinti may be separately punished. In fact, as previously noted by Ohio Supreme Court in *State v. Barnes*, 68 Ohio St.2d 13 (1981):

> Repeated acts of forcible sexual intercourse are not to be construed as a roll of thunder, − an echo of a single sound rebounded until attenuated. One should not be allowed to take advantage of the fact that he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed. Each act is a further denigration of the victim's integrity and a further danger to the victim.

*Id.* at 19, quoting *Harrell v. State*, 88 Wis.2d 546, 565 (1979). Because the two rape offenses were committed through separate sexual activity, something which Accorinti readily admits, the trial court did not err in failing to merge these charges for sentencing purposes.

Accorinti's first assignment of error is therefore overruled.

{¶ 17} Assignment of Error No. 3:

{¶ 18} IT WAS ERROR AND CRUEL AND UNUSUAL PUNISHMENT AND COTRARY (sic) TO ARTICLE VIII OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 9 OF THE OHIO CONSTITUTION TO SENTENCE THE APPELLANT TO TWO CONSECUTIVE LIFE SENTENCES OR EVEN ONE LIFE SENTENCE IN THE INSTANT CASE.

{¶ 19} In his third assignment of error, Accorinti claims his agreed upon aggregate sentence of 20 years to life in prison amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Section 9, Article 1 of the Ohio State Constitution. We disagree.

{¶ 20} The Eighth Amendment to the United States Constitution applies to the states pursuant to the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417 (1962). Pursuant to the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction. *State v. Davis*, 12th Dist. Butler No. CA2009-10-263, 2011-Ohio-787, ¶ 118; *State v. Weitbrecht*, 86 Ohio St.3d 368, 370 (1999).

{¶ 21} "The constitutional prohibition against cruel and unusual punishment has been interpreted to prohibit barbaric punishment, as well as sentences which are disproportionate to the crime committed." *State v. Garland*, 116 Ohio App.3d 461, 466 (12th Dist.1996), citing *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001 (1983). In turn, it is generally accepted the punishments which are prohibited by the Eighth Amendment are "limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the

community." *State v. Blanton*, 12th Dist. Butler No. CA2008-09-235, 2009-Ohio-3311, ¶ 28, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). Therefore, "a sentence within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-101, 2002 WL 42887, *1 (Jan. 14, 2002).

{¶ 22} After a thorough review of the record, we find no evidence to even remotely suggest Accorinti's aggregate sentence of 20 years to life imprisonment for raping a 12-year-old girl would shock the conscience of the community. The rape of a child "is shocking, outrageous, abominable, and it has enduring effects on the child," and therefore, a "penalty equivalent to its enormity" is required. *State v. Gregory*, 8 Ohio App.3d 184, 185-186 (1st Dist.1982); *see, e.g., State v. Murrell*, 2d Dist. Montgomery No. 24717, 2012-Ohio-2108, ¶ 33 (finding indefinite sentence of 10 years to life imprisonment for rape of child under 13 years old did not constitute cruel and unusual punishment); *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, ¶ 29 (8th Dist.) (same). In fact, as this court has stated previously, "there is no constitutional violation when a person is convicted and sentenced to life imprisonment for a violation of R.C. 2907.02(B) because the penalty is proportional to the act." *State v. Sholler*, 12th Dist. Clinton No. CA96-08-013, 1997 WL 208124, *2 (Apr. 28, 1997).

{¶ 23} Moreover, as the record clearly indicates, this was an agreed sentence that was mandatory pursuant to R.C. 2907.02(B), R.C. 2971.03(B)(1)(a) and R.C. 2929.13(F)(2). As noted by the Ohio Supreme Court, "reviewing courts should grant substantial deference to the broad authority that legislatures possess in determining the types and limits of punishments for crimes." *State v. Weitbrecht*, 86 Ohio St.3d 368, 373 (1999); *see also State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 20. In turn, although mandatory

penalties may be considered cruel by some, "they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Harmelin v. Michigan*, 501 U.S. 957, 994-995, 111 S.Ct. 2680 (1991). Therefore, we find the mandatory and agreed upon sentence imposed by the trial court in this case simply cannot be deemed cruel and unusual punishment. *See State v. Fenton*, 68 Ohio App.3d 412, 439 (6th Dist.1990); *State v. Wolf*, 11th Dist. Lake No. 93-L-151, 1994 WL 738805, * 11 (Dec. 30, 1994); State *v. Johnson*, 8th Dist. Cuyahoga No. 80436, 2002-Ohio-7057, ¶ 120. Accordingly, Accorinti's third assignment of error is likewise overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} IT WAS ERROR FOR THE TRIAL COURT TO NEGLECT TO ADVISE THE DEFENDANT/APPELLANT WHEN COURT COSTS WERE IMPOSED, THAT FAILURE TO PAY SAID COSTS COULD RESULT IN THE IMPOSITION OF COMMUNITY SERVICE TO PAY THE SAME AT A RATE NOT TO EXCEED 40 HOURS PER MONTH.

{¶ 26} In his second assignment of error, Accorinti argues the trial court erred when it imposed court costs without notifying him he could be ordered to perform community service if he failed to pay the costs in conformance with the now former R.C. 2947.23(A)(1)(a). The state concedes, and we agree, the trial court erred in this regard.

{¶ 27} Accorinti was sentenced on October 17, 2012. At the time of his sentencing, R.C. 2947.23(A)(1)(a) specified that in all criminal cases, a court shall include in the sentence court costs and render a judgment against the defendant for such costs.[1] When including these costs in a defendant's sentence, the trial court must notify the defendant that if he fails to pay court costs, the court may order him to perform community service in lieu of

---

1. It should be noted, R.C. 2947.23(A)(1)(a) has since been modified effective March 22, 2013 to apply only where "the judge or magistrate imposes a community control sanction or other nonresidential sanction[.]"

payment. "The community service notification in this version of R.C. 2947.239(A)(1)(a) is mandatory and must be provided by the trial court at sentencing." *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 48, citing *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, ¶ 10. If a trial court fails to notify the defendant of the possibility of court-ordered community service if he fails to pay court costs, the proper remedy is to vacate the imposition of costs and remand the case for proper community-service notification. *State v. Weathers*, 12th Butler Dist. No. CA2012-02-036, 2013-Ohio-1104, ¶ 25.

{¶ 28} In this case, the trial court imposed court costs during the sentencing hearing, but did not advise Accorinti that he could be ordered to perform community service if he failed to pay the costs. As noted above, the state concedes this was in error. Therefore, we reverse that portion of the trial court's judgment imposing court costs only, affirm the remainder of the trial court's judgment, and remand the matter to the trial court for the proper imposition of court costs in accordance with R.C. 2947.23(A)(1)(a). Accordingly, Accorinti's second assignment of error is well-taken and sustained.

{¶ 29} Judgment affirmed in part, reversed in part, and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.