[Cite as *State v. Hampton*, 2016-Ohio-2991.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-09-075 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 5/16/2016 |
| - vs - | | |
| | : | |
| SHAWN E. HAMPTON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015CR0172

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Schuh & Goldberg, LLP, Brian T. Goldberg, 2662 Madison Road, Cincinnati, Ohio 45208, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Shawn E. Hampton, appeals from his conviction in the Clermont County Court of Common Pleas following his guilty plea to two counts of receiving stolen property, two counts of forgery, and nine counts of misuse of a credit card belonging to an elderly person. For the reasons outlined below, we affirm.

{¶ 2} On June 2, 2015, Hampton entered into a plea agreement and pled guilty to the

above named offenses, all fifth-degree felonies. According to the bill of particulars, the charges stemmed from Hampton's actions in obtaining and using two stolen credit cards belonging to an elderly person on the evening of February 15, 2015, as well as obtaining, forging, and cashing two stolen checks on February 16 and 17, 2015. After denying his motion alleging a number of the charges should be merged as allied offenses of similar import, the trial court sentenced Hampton to an aggregate six-year prison term. It is undisputed that each prison term imposed to reach Hampton's aggregate six-year prison sentence was within the permissible statutory range.

{¶ 3} Hampton now appeals from his conviction, raising three assignments of error for review. For ease of discussion, Hampton's first and second assignments of error will be addressed out of order.

{¶ 4} Assignment of Error No. 2:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING CONVICTIONS AND CONSECUTIVE SENTENCES FOR CHARGES THAT SHOULD HAVE MERGED.

{¶ 6} In his second assignment of error, Hampton argues the trial court erred by failing to merge his nine convictions for misuse of a credit card belonging to an elderly person since they were allied offenses of similar import. We disagree.

{¶ 7} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two

- 2 -

or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8} Although previously applying the two-part test as outlined in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court has since clarified the test for allied offenses in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. Under the *Ruff* test, in determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, "courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. In conducting this analysis, if any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance, in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; and (3) the offenses were committed with separate animus or motivation. *Id.* at ¶ 25. Thus, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 26. This court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28.

{¶ 9} In this case, Hampton argues his nine convictions for misuse of a credit card belonging to an elderly person should merge because the offenses occurred on the same date during a continuing course of conduct oftentimes within mere minutes of each other. However, although close in time, the record firmly establishes that each of these nine offenses were committed separately in separate transactions through the use of two separate credit cards with three separate retailers all of which created a separate and identifiable harm

to the victim.

| Count | Credit Card Used | Place | Time | Amount |
|---|---|---|---|---|
| 4 | Discover | Wal-Mart | 9:32 p.m. | $112.14 |
| 5 | Discover | Wal-Mart | 9:33 p.m. | $48.27 |
| 6 | Discover | Speedway | 10:33 p.m. | $16.16 |
| 7 | Discover | Speedway | 10:37 p.m. | $23.57 |
| 8 | Discover | Speedway | 10:38 p.m. | $48.28 |
| 9 | Bank of America | AT&T | 9:32 p.m. | $48.27 |
| 10 | Bank of America | Wal-Mart | 9:10 p.m. | $100.00 |
| 11 | Bank of America | Wal-Mart | 9:11 p.m. | $50.00 |
| 12 | Bank of America | Speedway | 8:09 p.m. | $20.00 |

{¶ 10} Despite this, Hampton argues that his nine convictions should have merged since the plain language of R.C. 2913.21(B)(2) regarding the misuse of a credit card makes it clear that "each time a credit card is used does not constitute a separate offense." Pursuant to that statute, no person, with purpose to defraud, shall "[o]btain property or services by the use of a credit card, *in one or more transactions*, knowing or having reasonable cause to believe that the card has expired or been revoked, or was obtained, is retained, or is being used in violation of law." (Emphasis added.) However, while the statute contemplates the possibility that the use of one credit card to make multiple transactions could be tried as a single offense, the statute does not mandate that result. Instead, we find the language in R.C. 2913.21(B)(2) referencing "one or more transactions" merely alludes to the fact that under certain circumstances an offender's misuse of a credit card to make multiple transactions may be tried as a single offense after compiling the aggregate value of all property and services involved. *See* R.C. 2913.61(C)(2) (permitting the aggregation of multiple offenses where the offender is being tried for a series of violations regarding the misuse of a credit card belonging to an elderly person). Hampton's claim otherwise lacks merit.

{¶ 11} Again, the record in this case firmly establishes that each of these nine

offenses were committed separately in separate transactions through the use of two separate credit cards with three separate retailers all of which created a separate and identifiable harm to the victim. "As we have previously recognized, if one offense is completed before the other begins, the offenses are considered separately for sentencing purposes even though the two offenses may have been committed in close proximity in time." *State v. Fields*, 12th Dist. Clermont No. CA2014-03-025, 2015-Ohio-1345, ¶ 18. Therefore, because each of the nine offenses were committed separately and created a separate and identifiable harm to the victim, the trial court did not err by failing to merge Hampton's nine convictions for misuse of a credit card belonging to an elderly person as they were not allied offenses of similar import. Accordingly, Hampton's second assignment of error is overruled.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S SIXTH AMENDMENT RIGHTS BY ENTERING JUDGMENT OF CONVICTION AFTER A PLEA AND SENTENCING AT WHICH APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE.

{¶ 14} In his first assignment of error, Hampton argues he received ineffective assistance of counsel since his attorney allowed him to enter a plea agreement to nine counts of misuse of a credit card belonging to an elderly person when those charges were allied offenses of similar import that should have merged. However, in light of our decision under Hampton's second assignment of error, this argument lacks merit. Accordingly, Hampton's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ABUSED ITS DISCRETION AND IMPOSED A CRUEL AND UNUSUAL PRISON SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 17} In his third assignment of error, Hampton argues the trial court abused its discretion by sentencing him to serve a total of six years in prison and that such a sentence constitutes cruel and unusual punishment. However, as recently noted by the Ohio Supreme Court, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 10. Moreover, as this court has stated previously, a sentence within statutory range is generally "not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-101, 2002 WL 42887, *1 (Jan. 14, 2002).

{¶ 18} We also find nothing disproportionate about the aggregate six-year prison sentence imposed in this case that would shock the moral sense of the community. *State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 21. This is particularly true here considering Hampton's lengthy criminal history that consists of over 40 separate misdemeanor and felony offenses, as well as the fact that Hampton was subject to community control sanctions at the time he committed each of the offenses at issue here. Therefore, because this court may not apply an abuse-of-discretion standard in sentencing-term challenges, and because the aggregate six-year prison sentence imposed in this case does not amount to cruel and unusual punishment, Hampton's third assignment of error is overruled.

{¶ 19} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.