[Cite as *State v. Bullock*, 2016-Ohio-4591.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2015-12-097 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>6/27/2016 |
| - vs - | : | |
| | : | |
| BUDDY DEE BULLOCK, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014CR00695

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Buddy Dee Bullock, appeals from the ten-month prison sentence he received in the Clermont County Court of Common Pleas after he entered a no contest plea to one count of aggravated possession of methamphetamine. For the reasons outlined below, we affirm.

{¶ 2} On December 4, 2014, the Clermont County Grand Jury returned an indictment charging Bullock with one count of aggravated possession of methamphetamine in violation

of R.C. 2925.11(A), a fifth-degree felony. According to the bill of particulars, the charge arose after an officer from the Clermont County Sheriff's Office witnessed Bullock place a "plastic container with bluish white powder in it under a blanket" on June 28, 2014 while officers were attempting to serve a warrant on a juvenile at the home located at 235 Mulberry Street, Lot 22, Felicity, Clermont County, Ohio. Test results later confirmed that the bluish white powder found in the plastic container was methamphetamine.

{¶ 3} Bullock failed to appear for his arraignment and was subsequently arrested on June 24, 2015. Following his arrest, Bullock entered a not guilty plea. Thereafter, on October 5, 2015, Bullock withdrew his not guilty plea and entered a plea of no contest to the single fifth-degree felony charge of aggravated possession of methamphetamine. After engaging Bullock in the necessary plea colloquy, the trial court accepted Bullock's no contest plea and found him guilty as charged. The trial court then held a sentencing hearing and sentenced Bullock to serve ten months in prison. Bullock now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A STATED PRISON TERM OF TEN MONTHS.

{¶ 5} In his single assignment of error, Bullock claims the trial court erred by sentencing him to serve ten months in prison. We disagree.

{¶ 6} Initially, Bullock claims the trial court's decision to sentence him to ten months in prison was excessive and constitutes an abuse of discretion. However, as recently noted by the Ohio Supreme Court, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 10. Moreover, as this court has stated previously, a sentence that falls within the permissible statutory range is generally "not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-

101, 2002 WL 42887, *1 (Jan. 14, 2002). Such is clearly the case here for Bullock's ten-month prison sentence falls well within the permissible statutory range for a fifth-degree felony charge of aggravated possession of methamphetamine. *See* R.C. 2929.14(A)(5) ("[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months"). There is also nothing about this sentence that would render it so disproportionate to the offense that it would shock the moral sense of the community. *State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 21. Therefore, Bullock's first argument is without merit.

{¶ 7} Next, Bullock argues he received ineffective assistance of counsel since his trial counsel failed to present "better mitigation at the sentencing hearing." However, as the record plainly reveals, Bullock's trial counsel offered wide-ranging evidence in mitigation at Bullock's sentencing hearing. For instance, after requesting the trial court to consider merely sentencing Bullock to community control, Bullock's trial counsel noted that Bullock had been "very good" in terms of his reporting to the probation department while this case was pending, that Bullock had been "clean and sober" while out on bond, that Bullock had always followed up with him, and that Bullock had generally been punctual. Bullock's trial counsel also noted that Bullock fully admitted to "having this vial of stuff and putting it" under the blanket, but that he was now "trying to work his way back to society" and "trying to stay on the straight and narrow here."

{¶ 8} Bullock has not provided this court with any argument regarding the existence of other "better mitigation" evidence, nor has Bullock offered any suggestion as to how his trial counsel should have performed differently. Bullock has also not offered any evidence that his sentence would have been any different but for his trial counsel's performance in this matter. In so holding, we note that the record indicates Bullock committed this crime approximately one month after being released from parole. The record also indicates Bullock

has an extensive criminal history that includes convictions for trafficking in marijuana, possession of drug paraphernalia, illegal manufacturing of methamphetamine, aggravated possession of methamphetamine, assault, aggravated menacing, resisting arrest, domestic violence, and abduction, among others.[1] Therefore, because Bullock has failed to demonstrate that his trial counsel provided him with ineffective assistance, Bullock's second argument is likewise without merit.

{¶ 9} Although not raised as part of Bullock's single assignment of error, the state wishes to dispel any concern that this court may have as to whether there was sufficient evidence to support the trial court's guilt finding since Bullock denied knowing that the plastic container he was seen placing under the blanket contained methamphetamine. However, pursuant to Crim.R. 11(B)(2), it is well-established that a no-contest plea "is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" In turn, "[s]o long as the facts alleged in the indictment or bill of particulars would, if proven, support a conviction of the offense charged, the trial court's acceptance of a no-contest plea to the charged offense requires a finding of guilty." *State v. Harrison*, 2d Dist. Montgomery No. 23431, 2010-Ohio-2135, ¶ 21. After reviewing the indictment, bill of particulars, and facts elicited at the sentencing hearing, we have no such concern as the record fully supports the trial court's guilt finding. Therefore, Bullock's single assignment of error is overruled.

{¶ 10} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.

---

1. This court affirmed Bullock's prior convictions for illegal manufacture of methamphetamine and aggravated possession of methamphetamine in *State v. Bullock*, 12th Dist. Clermont No. CA2005-04-031, 2006-Ohio-598.