[Cite as *State v. Stevens*, 2016-Ohio-4699.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103516**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEEFRIDGE TADELL JOHNTAE STEVENS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592566-A

**BEFORE:**    Blackmon, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**    June 30, 2016

**ATTORNEY FOR APPELLANT**

Michael J. Cheselka, Jr.
75 Public Square, Suite 920
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Jeffrey Michael Heller
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Deefridge Tadell Johntae Stevens ("Stevens") appeals his convictions for robbery and having a weapon while under disability and assigns the following four errors for our review:

> I. The jury's affirmative finding that appellant committed the offense of robbery, and the judge's affirmative finding that appellant committed the offense of having a weapon while under disability are not supported by evidence sufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

> II. The trial court erred in depriving appellant of his right to due process and right to a fair trial by entering judgments of conviction for the offenses of robbery and having weapons under disability, which were against the manifest weight of the evidence in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

> III. The trial court erred in handing down a cruel and unusual sentence, and a disproportionate sentence, in violation of the Eighth Amendment of the United States Constitution and Article 1, Section 9 of the Ohio Constitution.

> IV. The trial court erred when it entered the guilty verdicts for robbery and having weapons under disability despite the cumulative errors in the trial.

{¶2} Having reviewed the record and pertinent law, we affirm Stevens's convictions. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Stevens for aggravated robbery, with one- and three-year firearm specifications, felonious assault, with one- and three-year firearm specifications, misdemeanor theft, and having a weapon while under

disability. The case proceeded to a jury trial on all counts except for the having a weapon while under disability count, which was tried to the bench.

{¶4} It is undisputed that on December 28, 2014, Stevens stole two Nautica knit hats from the Macy's Department Store in University Heights and engaged in a scuffle with the security guard in trying to exit the store. The security guard and Stevens both testified that this is what occurred and a security tape played at trial corroborated these facts. Stevens also admitted that he escaped in his car that he later abandoned in a nearby parking lot and walked to a home where he borrowed the resident's cellphone to ask a friend to pick him up. Stevens turned himself in after Fox 8 news showed his picture on its crime stoppers report. His name and photograph were obtained from the Bureau of Motor Vehicles. The resident from whom he borrowed the cellphone also had secretly taken his photograph.

{¶5} The only contention at trial was whether Stevens had a firearm on his person when committing the crime. The videotape is not conclusive whether Stevens had a gun. The camera is located at a vantage point that is a distance away from the altercation. All that can be seen is the two men initially conversing and then wrestling, and eventually, Stevens running from the store.

{¶6} According to the security guard, as he tried to prevent Stevens from leaving the store, Stevens became aggressive. When the security guard saw something in Stevens's hand, he trapped Stevens's hand under his armpit as he was trained to do in the military. He asked Stevens if he had a gun in his hand, and Stevens replied, "yeah." According to the security guard, they both continued to struggle, and Stevens was able to

pry his arm free and struck the guard on the right side of the head with the gun and ran out of the door.

{¶7} A photograph taken of the guard shortly after the incident shows a red mark on the top right side of his head. The security guard testified that he was initially dazed after he was struck. He continued to suffer from headaches and went to the emergency room two days after the incident. The emergency room doctor testified that the guard had swelling in the area of the injury and a laceration. He believed that based on the guard's symptoms, the guard suffered a concussion.

{¶8} On the 911 tape played at trial, the security guard is heard telling the dispatcher that he was hit in the head with a Smith & Wesson black revolver. He also gave the dispatcher a description of the suspect and the license plate number and description of the escape vehicle. The investigative officer testified that an extensive man search was set up because of the fact the suspect was armed. He stated that when he spoke to the security guard, the guard told him that Stevens was holding a black revolver that was possibly a "Smith & Wesson .38 revolver."

{¶9} Stevens testified in his own defense. He admitted that he took the hats but denied having a gun or hitting the guard with a gun. He stated that when the guard grabbed him, they tussled, and he "slung the guard to the ground." He cannot explain how the guard hurt his head and claimed his hand never went to the security guard's head.

{¶10} On cross-examination, he admitted he had a previous indictment for aggravated robbery, but pleaded guilty to robbery for which he served two-years in

prison. In the prior robbery, a knife was held to the victim's neck. He admitted he violated his probation by committing the robbery at Macy's.

{¶11} The jury found Stevens was not guilty of felonious assault and aggravated robbery but guilty of the lesser included offense of robbery and theft. The trial court concluded that Stevens was guilty of having a weapon while under disability. The trial court sentenced Stevens to six years for the robbery, time served for the theft, and 36 months for having a weapon while under disability, to be served concurrently with the robbery, for a total of six years.

## Sufficiency of the Evidence

{¶12} In his first assigned error, Stevens contends that his convictions for robbery and having a weapon while under disability were not supported by sufficient evidence.

{¶13} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and a sufficiency of the evidence review require the same analysis. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶14} In analyzing whether a conviction is supported by sufficient evidence, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Carter*, 72 Ohio St.3d 545, 1995-Ohio-104, 651 N.E.2d 965.

**{¶15}** Stevens was convicted of robbery pursuant to R.C. 2911.02(A)(2), which provides:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> * * *
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another
>
> * * *.

**{¶16}** Stevens contends that he did not attempt to inflict physical harm or threaten physical harm to the security guard and that any physical contact was initiated by the guard. The video of the altercation was played for the jury. Clearly the two men engaged in a struggle. Photographs taken shortly after the incident show a bump on the guard's head and scrapes on his arm. The emergency room doctor testified that he diagnosed the security guard with a concussion and that the guard had a bump on his head with a laceration and scrapes on his right arm. Moreover, the video shows the security guard became physical with Stevens when Stevens forcefully attempted to leave the store. Thus, Stevens injured the security guard in the process of fleeing. *State v. Johnson*, 10th Dist. Franklin No. 11AP-717, 2012-Ohio-2325 (defendant's knocking security guard backward and to the ground in order to flee could have potentially caused harm to the guard and satisfied physical harm element of robbery.) Based on this evidence, there was sufficient evidence for the jury to conclude that either Stevens inflicted physical harm based on the injuries sustained by the guard, or threatened the harm by the struggle that ensued in his desperation to leave the store.

**{¶17}** We also conclude there was sufficient evidence presented for the trial court to conclude that Stevens had a firearm on his person. The trial court concluded that Stevens was guilty of having a weapon while under disability pursuant to R.C. 2923.13(A)(2), which provides as follows:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> * * *
>
> (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

**{¶18}** Stevens contends that the jury's finding him not guilty of aggravated robbery and felonious assault and the accompanying firearm specifications, factually precluded the trial court from convicting him for having a weapon while under disability because the jury concluded he did not have a weapon.

**{¶19}** This court in *State v. Brown*, 8th Dist. Cuyahoga No. 89754, 2008-Ohio-1722, addressed an identical situation where the jury rendered a verdict of acquittal on charges that contained firearm specifications, while the trial court found the defendant guilty of having a weapon while under disability. We held that the inconsistency did not require an acquittal because each count of an indictment is independent "and a verdict responding to a designated count will be construed in the light of the count designated, and no other." *Id.* at ¶ 27, citing *Browning v. State*, 120 Ohio

St. 62, 165 N.E. 566 (1929). *See also State v. Morris*, 8th Dist. Cuyahoga No. 94923, 2011-Ohio-824, ¶ 12; *State v. Smith*, 10th Dist. Franklin No. 14AP-33, 2014-Ohio-5443.

{¶20} If the testimony of the security guard is believed, then there was sufficient evidence presented that Stevens had a gun. The security guard testified that he saw Stevens pull out a black revolver from his waistband, which caused him to secure Stevens's arm that was holding the gun under his arm. Stevens's first assigned error is overruled.

## Manifest Weight of the Evidence

{¶21} In his second assigned error, Stevens argues that his convictions were against the manifest weight of the evidence.

{¶22} In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id.* at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id.* at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.* at 387,

678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

*Id*. at ¶ 25.

**{¶23}** An appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case that the evidence weighs heavily against the conviction." *Id*.

**{¶24}** Stevens contends that his testimony that he did not have a gun was more credible than the security guard's testimony that Stevens did have a gun. He claims that the security guard was not credible because he did not testify that Stevens had a gun until the video was played. Prior to the video, he testified, "I saw something was in his hand. I didn't see what." The fact that the guard did not testify about the gun until the video was played is inconsequential. He told the police about the gun in the 911 call and in his statement to police.[1]

**{¶25}** Stevens also argues that the guard's testimony that he trapped Steven's arm that was holding the gun under his armpit conflicted with his statement to police in which he stated that Stevens stuck the gun into his ribs and that in response the guard repeatedly ordered Stevens to drop the gun. We do not find the trial court lost its way and created a

---

[1]Although the state claims at one point the outline of a revolver can be seen on the video, unfortunately, the video is not of the quality that it is easy to see clearly whether there is a weapon.

miscarriage of justice in resolving this conflict. Although the guard gave two explanations regarding how the gun ended up near his rib cage, he never varied in his contention that Stevens had a black revolver. Moreover, when he told the investigative officer that Stevens stuck the gun into his ribs, he was consistent in saying that he then trapped the gun under his arm.

{¶26} The trial court, in concluding that it believed that Stevens in fact had a gun, stated on the record:

> I think one of the reasons that you fought with the security guard so aggressively and were so damned determined to get out of that Macy's is because it wasn't the hats that were the problem, it was the gun that was the problem.

Tr. 400.

{¶27} When there are two versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999). Rather, we defer to the factfinder who was best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, and gestures of the witnesses testifying. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1994); *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). Thus, although we may have decided differently, we must defer to the trial court's determination of which witness it found to be more credible. Stevens's second assigned error is overruled.

**<u>Sentence</u>**

**{¶28}** In his third assigned error, Stevens argues that his six-year sentence is so disproportionate to the crime that it constitutes cruel and unusual punishment. In so arguing, he contends that six years for stealing two hats violates the purposes and principles of sentencing and that a minimum sentence of two years would have been the appropriate sentence.

**{¶29}** Although the Eighth Amendment to the Constitution of the United States prohibits the infliction of cruel and unusual punishment, this constitutional prohibition has been historically limited to barbaric punishment or punishment that is disproportionate to the offense so as to "shock the moral sense of the community." *State v. Johnson*, 8th Dist. Cuyahoga No. 80436, 2002-Ohio-7057, ¶ 119, citing *Robinson v. California*, 370 U.S. 660, 675, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). A sentence that falls within the statutory guidelines is not excessive and does not constitute cruel and unusual punishment. *Id.*, citing *McDougle v. Maxwell*, 1 Ohio St.2d 68, 203 N.E.2d 334 (1964); *State v. Accorinti,* 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 21.

**{¶30}** Here, Stevens's sentence fell within the statutory range. The jury did not merely find Stevens guilty of theft, but also found him guilty of robbery. For the robbery alone, which was a felony of the second degree, he could have received a prison term in excess of six years. According to R.C. 2929.14(A)(2) for a felony of the second degree, a defendant can receive a prison term of "two, three, four, five, six, seven, or eight years." Therefore, Stevens did not receive the statutory maximum for the robbery sentence.

**{¶31}** Nonetheless, in determining the sentence to impose, a sentencing court is required to consider the purposes and principles of sentencing pursuant to R.C. 2929.11 and 2929.12. Under R.C. 2929.11(A), a felony sentence shall be reasonably calculated to achieve two "overriding purposes": (1) to protect the public from future crimes by the offender, and (2) to punish the offender using the minimum sanctions the court determines will achieve those purposes. Further, under R.C. 2929.11(B), the sentence imposed for a felony must be commensurate with the seriousness of the offender's conduct and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶32}** Under R.C. 2929.12(A), a court sentencing a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute. In exercising its discretion, however, the sentencing court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id.* Although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

**{¶33}** Recently, the Ohio Supreme Court reaffirmed that we review felony sentences pursuant to R.C. 2953.08(G). *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23. As to the consideration of the factors in R.C. 2929.11 and 2929.12, the court noted a reviewing court's duty to defer to the sentencing court and

reiterated that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

{¶34} Here, the trial court stated in its journal entry that "[t]he court considered all required factors of law. The court finds that prison is consistent with the purposes of R.C. 2929.11." A trial court's statement in its sentencing entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶35} Moreover, Stevens has failed to show by clear and convincing evidence that the record does not support his sentence. The record showed that (1) Stevens was on probation when he committed the offenses; (2) he had a prior indictment for aggravated robbery for using a knife during a robbery for which he entered a plea of guilty to robbery; (3) he had prior convictions for disorderly conduct, criminal damaging, and criminal trespassing; and, (4) he attempted to manipulate the system by having his father contact one of the jurors. Based on the record, we see no reason to vacate the trial court's sentence. Accordingly, Stevens's third assigned error is overruled.

## Cumulative Errors

{¶36} In his fourth assigned error, Stevens argues that the cumulative effect of the above assigned errors violated his rights under the United States and Ohio Constitutions.

**{¶37}** Pursuant to the doctrine of cumulative error, a judgment may be reversed where the cumulative effect of errors deprives a defendant of his constitutional rights, even though the errors individually do not rise to the level of prejudicial error. *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995); *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus. Because we have not found any instances of error in this case, the doctrine of cumulative error is inapplicable. Accordingly, Stevens's fourth assigned error is overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR