[Cite as *State v. Reynolds*, 2019-Ohio-5369.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-12-035 |
| | : | O P I N I O N |
| - vs - | | 12/30/2019 |
| | : | |
| WESLEY REYNOLDS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20160174


Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for appellee

Wesley Reynolds. #A748354, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130, pro se


**S. POWELL, J.**

{¶ 1} Appellant, Wesley Reynolds, appeals the decision of the Madison County Court of Common Pleas denying his motion to vacate his conviction and set aside his 54-month prison sentence he received after he pled guilty to single counts of aggravated trafficking in drugs, trafficking drugs in the vicinity of a minor, and aggravated trafficking drugs in the vicinity of a minor. For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2}   On November 29, 2017, Reynolds pled guilty to the above named drug trafficking offenses.   Prior to accepting Reynolds' guilty plea, the trial court engaged Reynolds in the necessary Crim.R. 11(C) plea colloquy.   During this colloquy, Reynolds specifically stated that his trial counsel had answered all of his questions and that he was satisfied with his trial counsel's representation.   Upon accepting Reynolds' guilty plea, the trial court ordered a presentence-investigative report.   To assist in the completion of that report, the trial court referred Reynolds to the Adult Probation Department.   Reynolds, however, failed to appear at the probation department as instructed.   Reynolds later explained that he did not appear at the probation department due to him being incarcerated in an adjacent county on an unrelated probation violation.

{¶ 3}   On January 23, 2018, the trial court sentenced Reynolds to serve three consecutive sentences amounting to a total aggregate 54-month prison term.  The trial court also ordered Reynolds to pay a mandatory $5,000 fine and notified Reynolds that he would be subject to an optional three-year postrelease control term upon his release from prison. Reynolds subsequently appealed his conviction.  In support of his appeal, Reynolds argued that (1) his guilty plea was not knowingly, intelligently, and voluntarily entered since the trial court failed to advise him of the impact a guilty plea would have on his appellate rights and that (2) the trial court erred by imposing consecutive sentences.  Finding no merit to either of Reynolds' claims, this court affirmed Reynolds' conviction in *State v Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942.

{¶ 4}   On November 28, 2018, while Reynolds' appeal was still pending, Reynolds filed a motion requesting the trial court vacate his conviction and set aside his 54-month prison sentence.  Although difficult to discern, Reynolds supported his motion by arguing that his guilty plea was not knowingly, intelligently, and voluntarily entered since he "was

never given" the state's discovery packet and had "only seen [his] motion of discovery" shortly before he entered his guilty plea. Reynolds also alleged that his sentence should be reversed since his trial counsel failed to inform the trial court that he was unable to meet with the probation department due to him being incarcerated in an adjacent county. This, according to Reynolds, played a "big role" in the trial court ordering his three sentences to be served consecutively.

{¶ 5} Reynolds further alleged that his conviction must be vacated since the trial court "denied to fire" his trial counsel after he "expressed to the court that [his] attorney did not & would not do several things [he] request[ed] him to [do]." Reynolds additionally alleged that he received ineffective assistance of counsel since his trial counsel had not "sent [him] anything" and had not provided him or his family with "all [his] court transcripts & motion for discovery" that he may have needed to support his motion. Reynolds concluded by alleging his 54-month prison sentence amounted to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and that the state provided insufficient evidence to prove he "committed a drug transaction in the visicinty (sic) of a juvenile."

**Trial Court's Decision and Appeal**

{¶ 6} On December 13, 2018, the trial court issued a decision summarily denying Reynolds' motion to vacate his conviction and set aside his sentence. Reynolds now appeals from that decision. Reynolds, however, did not set forth any assignments of error for this court to review as required by App.R. 16(A)(3). Reynolds instead merely refiled a portion of the motion that he originally filed with the trial court on November 28, 2018. Despite this procedural malady, this court nevertheless accepted Reynolds' submission as a properly complying appellate brief. However, upon review, it is clear that each of Reynolds' arguments are barred by the doctrine of res judicata. "Res judicata bars a

- 3 -

petitioner from 're-packaging' evidence or issues that either were or could have been raised in trial or on direct appeal." *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 15, citing *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20.

{¶ 7} Reynolds' arguments are also wholly without merit. For instance, Reynolds argues that the trial court erred by denying his motion to vacate since he "was never given & only seen [his] motion of discovery" shortly before he entered his guilty plea. But, even accepting Reynolds' claim as true, we fail to see how this failure impacts the knowing, intelligent, and voluntary nature of his guilty plea. Reynolds entered his guilty plea after the trial court engaged him the necessary Crim.R. 11(C) plea colloquy. At no point did Reynolds ever indicate that he was unaware of the underlying facts that led to the charges being brought against him prior to him entering his plea. For Reynolds to now claim that his guilty plea was not knowingly, intelligently, and voluntarily entered based on some alleged discovery violation is disingenuous and unsupported by the record. Therefore, even if this argument were not barred by the doctrine of res judicata, Reynolds' claim that the trial court erred by denying his motion to vacate his conviction since he "was never given & only seen [his] motion of discovery" shortly before he entered his guilty plea lacks merit.

{¶ 8} Reynolds also argues that the trial court erred by denying his motion to vacate since the state provided insufficient evidence to prove he was trafficking drugs in the vicinity of a minor. However, by pleading guilty, Reynolds "waived the right to require the state to prove his guilt beyond a reasonable doubt." *State v. Isbell,* 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. This is because, in accordance with Crim.R. 11(B)(1), "[t]he plea of guilty is a complete admission of the defendant's guilt." "Consequently, there is no evidence to consider, and the trial court was not required to determine whether a factual basis existed to support the guilty plea, prior to entering judgment on that plea." *Isbell,*

citing *State v. Caldwell,* 12th Dist. Butler No. CA99-08-144, 2001 Ohio App. LEXIS 3556 (Aug. 13, 2001); and *State v. Wood,* 48 Ohio App.2d 339, 344 (8th Dist.1976). Therefore, because Reynolds forfeited his right to challenge the sufficiency of the evidence by entering a guilty plea, Reynolds' argument that the trial court erred by denying his motion to vacate his conviction since the state provided insufficient evidence to prove that he was trafficking drugs in the vicinity of a minor also lacks merit.

{¶ 9} Reynolds further argues that the trial court erred by denying his motion to set aside his 54-month prison sentence since his trial counsel failed to inform the trial court that Reynolds was unable to meet with the probation department due to being incarcerated in an adjacent county. This, according to Reynolds, played a "big role" in the trial court ordering his sentences to be served consecutively. The record does not support Reynolds' claim. The record is in fact devoid of any evidence his absence played any role, let alone a "big role," in the trial court's decision to order Reynolds' three sentences to be served consecutively. The record instead indicates that the trial court ordered Reynolds' sentences to be served consecutively due to the serious nature of the offenses, Reynolds' commission of two of the offenses in the vicinity of a minor, Reynolds' lengthy criminal history, and Reynolds' unfavorable response to sanctions previously imposed upon him. Therefore, Reynolds argument that the trial court erred by denying his motion to set aside his 54-month prison sentence since his trial counsel failed to inform the trial court that Reynolds was unable to meet with the probation department due to his incarceration in an adjacent county lacks merit.

{¶ 10} Reynolds additionally argues that the trial court erred by denying his motion to set aside his sentence since that sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. However, as this court has stated previously, a sentence that falls within the permissible statutory range, such as

the case here, is generally "not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-101, 2002 Ohio App. LEXIS 85, *3 (Jan. 14, 2002). There is also nothing about Reynolds' 54-month prison sentence that would render it so disproportionate to the offense that it would shock the moral sense of the community. *State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 21. Therefore, Reynolds' argument that the trial court erred by denying his motion to set aside his 54-month prison sentence as constituting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution likewise lacks merit.

**Conclusion**

{¶ 11} The trial court did not err by denying Reynolds' motion to vacate his conviction and set aside his 54-month prison sentence. Reynolds' arguments advanced on appeal are barred by the doctrine of res judicata and otherwise wholly without merit. Therefore, finding no merit to any of the arguments raised by Reynolds herein, Reynolds' arguments alleging the trial court erred by denying his motion to vacate his conviction and set aside his prison sentence are overruled and the trial court's decision is affirmed.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.