[Cite as *State v. Laraby*, 2023-Ohio-741.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No.  L-22-1161

    Appellee                                  Trial Court No.  CR0202102989

v.

William Laraby                                **DECISION AND JUDGMENT**

    Appellant                                 Decided:  March 10, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant

* * * * *

**SULEK, J.**

**{¶ 1}** Appellant William Laraby appeals the judgment of the Lucas County Court

of Common Pleas, which convicted him of two counts of sexual battery and sentenced

him to serve two consecutive 48-month prison terms.  Laraby contends that his prison

sentence constitutes cruel and unusual punishment.  The 48-month prison terms,

however, fall within the range set by R.C. 2929.14(A)(3)(a), and do not in any way shock the sense of justice in the community. Accordingly, we affirm the trial court's judgment.

## I. Facts and Procedural Background

{¶ 2} On December 13, 2021, the Lucas County Grand Jury indicted Laraby on one count of rape of a child less than 10 years of age in violation of R.C. 2907.02(A)(1)(b) and (B), and two counts of rape of a child less than 13 years of age in violation of R.C. 2907.02(A)(1)(b) and (B).

{¶ 3} On May 31, 2022, as part of a negotiated plea agreement, the state filed by information two new counts of sexual battery in violation of R.C. 2907.03(A)(5) and (B), felonies of the third degree. Laraby entered a plea of guilty pursuant to *North Carolina v. Alford* to the two counts of sexual battery. In exchange, the state agreed to dismiss the original three counts of rape at sentencing. As the factual basis for the charges, the state offered that on multiple occasions during the months of October and November, 2021, Laraby anally penetrated his minor daughter with his penis. The victim disclosed that Laraby had been engaging in this behavior for several years, and a medical examination revealed injuries in the anal areas that were consistent with the victim's report. Following a Crim.R. 11 plea colloquy, the trial court accepted Laraby's plea and found him guilty of the two counts of sexual battery. The trial court continued the matter for sentencing following the preparation of a presentence investigation report.

**{¶ 4}** At the sentencing hearing, Laraby's counsel advocated for community control, remarking that Laraby has led a law-abiding life. Counsel also suggested that the family is dysfunctional and has a history of mental health issues. Laraby, on his own behalf, stated that he was a stay-at-home dad for most of his children's lives, but when he went back to work three years ago, he failed to notice the changes that were happening in his family. Laraby further commented that his children have been hearing voices since his arrest. He also informed the court that he would abide by any terms of probation, would seek therapy for his depression and be evaluated for any other issues, and that he would return to work to provide financial support to his family, with which he one day hopes to reconcile.

**{¶ 5}** Upon considering Laraby's statements, the presentence investigation report, and letters submitted on Laraby's behalf, on the victim's behalf, and by the victim herself, the trial court commented that the case was "most disturbing." The trial court noted that Laraby has been sexually abusing his daughter since she was six years old, and yet there are members of the family that do not believe the victim and make excuses for Laraby, causing the victim to suffer serious psychological trauma alone. It also recognized that Laraby has failed to accept responsibility. Therefore, in addition to designating Laraby as a Tier III sex offender, the trial court ordered Laraby to serve 48 months in prison on each count, to be served consecutively for a total prison term of eight years.

3.

## II. Assignment of Error

{¶ 6} Laraby has timely appealed the judgment of conviction, and now asserts one assignment of error for our review:

The trial court erred when it sentenced the defendant to consecutive prison sentences. This constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution and Article 9 Section 1 of the Ohio Constitution.

## III. Analysis

{¶ 7} We review felony sentences pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

4.

(b) That the sentence is otherwise contrary to law.

{¶ 8} Here, Laraby's argument falls under R.C. 2953.08(G)(2)(b)'s provision that the sentence is otherwise contrary to law in that Laraby contends that his sentence constitutes cruel and unusual punishment.

{¶ 9} The Eighth Amendment to the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  This provision applies to the states pursuant to the Fourteenth Amendment.  *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 12, citing *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).  The same restriction is set forth in Article I, Section 9 of the Ohio Constitution.

{¶ 10} "Historically, the Eighth Amendment has been invoked in extremely rare cases, where it has been necessary to protect individuals from inhumane punishment such as torture or other barbarous acts."  *State v. Weitbrecht*, 86 Ohio St.3d 368, 370, 715 N.E.2d 167 (1999), citing *Robinson* at 676.  "Over the years, it has also been used to prohibit punishments that were found to be disproportionate to the crimes committed."  *Id.*  The rare cases where cruel and unusual punishments have been found involved "sanctions which under the circumstances would be considered shocking to any reasonable person."  *Id.* at 371, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964).  "Furthermore, 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'"  *Id.*, quoting *McDougle* at 70.

5.

**{¶ 11}** In this case, Laraby argues that the imposition of consecutive sentences constitutes cruel and unusual punishment because he is not a danger to the community and is not at risk to re-offend as he has lived a crime-free life until this point, has been the sole caretaker for his family, and desires to reconcile with his children. Thus, Laraby concludes he should have been sentenced to concurrent prison terms, and the fact that he was not shocks the conscience of any reasonable person.

**{¶ 12}** Notably, Laraby makes this argument while recognizing that proportionality review under the cruel and unusual punishment clauses focuses on individual sentences rather than the cumulative prison term. Indeed, in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 20, the Ohio Supreme Court expressly held, "[F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.*; *see also State v. Neff*, 6th Dist. Ottawa No. OT-20-004, 2021-Ohio-3766, ¶ 70 (citing *Hairston* and concluding that a 25-year aggregate prison term that resulted from the consecutive imposition of reasonable individual sentences was not grossly disproportionate).

6.

**{¶ 13}** Here, the trial court sentenced Laraby to 48-month prison terms for each count of sexual battery, which were less than the maximum 60-month prison terms allowed under R.C. 2929.14(A)(3)(a). "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle* at 69; *see also State v. Ramirez*, 6th Dist. Lucas No. L-11-1263, 2013-Ohio-843, ¶ 19.

**{¶ 14}** Under the facts of this case, we hold that 48-month prison sentences for two counts of sexual battery where the offender anally penetrated his minor daughter with his penis do not in any way shock the sense of justice in the community. *See State v. Accorinti*, 12th Dist. Butler Nos. CA-2012-10-205, CA2012-11-221, 2013-Ohio-4429, ¶ 22 ("After a thorough review of the record, we find no evidence to even remotely suggest Accorinti's aggregate sentence of 20 years to life imprisonment for raping a 12-yearold (sic) girl would shock the conscience of the community."); *State v. Murrell*, 2d Dist. Montgomery No. 24717, 2012-Ohio-2108, ¶ 33 (indefinite prison sentence of ten years to life for engaging in sexual conduct with a child under thirteen years of age does not constitute cruel and unusual punishment). Therefore, because Laraby's individual sentences are not grossly disproportionate to their respective offenses, we hold that Laraby's aggregate prison term does not constitute cruel and unusual punishment.

**{¶ 15}** As a final matter, although the entirety of Laraby's argument focuses on whether his aggregate eight-year prison sentence constitutes cruel and unusual punishment, we recognize that his assignment of error asserts that the trial court erred

7.

when it imposed consecutive sentences.  Further, in his appellate brief, he disputes the trial court's finding under R.C. 2929.14(C)(4) that he is a danger to the community because he recognizes the severity of the offenses he pled to and has otherwise lived a crime-free life.  He further asserts that he is the sole caretaker of his family and that he desires to continue to care for and reconcile with his children.

{¶ 16} R.C. 2929.14(C)(4) provides that a trial court may impose consecutive sentences on an offender if it finds "that the consecutive service is necessary to protect the public from future crime or to punish the offender," "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following circumstances exists:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

8.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

Notably, Laraby does not argue that R.C. 2929.14(C)(4) itself is unconstitutional under the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution.

{¶ 17} When imposing consecutive sentences, "[t]he trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry." *State v. Gregory*, 6th Dist. Lucas Nos. L-21-1106, L-21-1107, 2023-Ohio-331, ¶ 110, citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "[W]hen a sentencing court makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 12. "[U]pon a de novo review of the record, an appellate court may reverse or modify a defendant's consecutive sentences—including the number of consecutive sentences imposed—when it clearly and convincingly finds that the record does not support the trial court's findings." *Id.*; R.C. 2953.08(G)(2)(a). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,'

9.

but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 19, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 18} Here, the trial court engaged in the correct analysis, stated its statutory findings during the sentencing hearing, and incorporated those findings in its sentencing entry. It found that consecutive sentences were "necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court also found under R.C. 2929.14(C)(4)(b) that the harm caused was so great or unusual that no single prison term is adequate.

{¶ 19} Upon our de novo review, we cannot clearly and convincingly find that the record does not support the trial court's findings. While Laraby argues that he is not a danger to the community and is not at risk to re-offend, Laraby's conduct in anally penetrating his minor daughter with his penis on multiple occasions belies his claim. Such repeated, reprehensible conduct against the most vulnerable of victims manifestly supports the conclusion that consecutive sentences are necessary to protect the public from future crime or to punish him, and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. Further, the harm Laraby caused the victim to suffer by sexually violating her

10.

when he was supposed to be the one protecting her supports the conclusion that no single prison term adequately reflects the seriousness of his conduct. In sum, we do not have a firm belief that the record does not support the trial court's findings. Therefore, the trial court did not err when it imposed consecutive sentences under R.C. 2929.14(C)(4).

{¶ 20} Accordingly, Laraby's assignment of error is not well-taken.

### IV. Conclusion

{¶ 21} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Laraby is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.           _____

                                        JUDGE

Gene A. Zmuda, J.           

Charles E. Sulek, J.         _____
CONCUR.                                      JUDGE

                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.