[Cite as *State v. Grover*, 2026-Ohio-95.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

    Appellant

v.

Allen M. Grover

    Appellee

Court of Appeals No. {62}OT-25-016

Trial Court No. 23 CR 185

**DECISION AND JUDGMENT**

Decided: January 13, 2026

\* \* \* \* \*

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé, Chief Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

\* \* \* \* \*

**ZMUDA, J.**

## I. Introduction

{¶ 1} This matter is on appeal of defendant-appellant Allen Grover, challenging

the imposition of consecutive sentences following his negotiated guilty plea. Finding no

error, we affirm.

## II. Background and Procedural History

{¶ 2} Based on an Internet Crimes Against Children tip, police obtained a warrant

to search Grover's home and recovered multiple devices containing images of Grover's

adopted, 14-year-old daughter in a state of nudity. Grover had transferred the images from his daughter's iCloud to his own iCloud. He also exchanged messages with an unknown person, offering to trade his "youngest" for the other person's "youngest."

{¶ 3} Grover cooperated with the investigation and disclosed some of the images recovered by police, admitting to at least 10 instances involving images of a child in a state of nudity. Police subsequently searched Grover's computer and phone and found activity that indicated Grover was looking for information on hidden cameras, how to use an old phone as a baby monitor or spy camera or security camera, and how to delete Snapchat.

{¶ 4} Grover was indicted on seven counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323 (A)(1) and (B), each a felony of the second degree. The offenses charged were against two victims, Grover's daughter and an unidentified child.

{¶ 5} Following plea negotiations, Grover entered a guilty plea to one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323.(A)(1) and (B), related to the image of an unidentified victim, and one amended count of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(2) and (B).[1] The state agreed to dismiss the remaining counts at sentencing. The trial court accepted the pleas, found Grover guilty, and continued the

---

[1] After it was discovered that Grover was legally a parent/custodian of his daughter, the State amended the indictment accordingly.

2.

matter for sentencing. At Grover's request, the trial court referred the matter for a psychological evaluation for mitigation purposes. The trial court also referred the matter for a presentence investigation report.[2]

{¶ 6} At his sentencing hearing, a victim impact statement was read into the record by the victim's representative for Grover's daughter, noting the victim was adopted from an abusive home and already experienced so much in her young life, and Grover's offenses caused her great and continuing suffering. The trial court indicated it reviewed both an initial and updated presentence investigation report. Grover also had mental health evaluation reports, and the prosecutor highlighted the finding that Grover had a high risk of reoffending if he does not receive intensive mental health treatment.

{¶ 7} The prosecutor requested a prison sanction, citing the heightened recidivism risk, the conduct against at least two victims including his own daughter, and Grover's own admission to multiple instances of conduct. The prosecutor asked the trial court to impose a prison term of eight years for each count, with a four-year Reagan Tokes tail, for an aggregate prison term of 16 to 20 years after running the two sentences consecutively.

{¶ 8} Grover's trial counsel spoke on his behalf, acknowledging the conclusion that Grover was likely to reoffend. However, he requested a community control sanction

---

[2] Grover had entered a negotiated plea earlier in the case, but the trial court permitted him to withdraw his earlier plea after referral for a presentence investigation. Therefore, the presentence investigation report considered at sentencing included the initial report and an updated report.

3.

as sentence, with therapy as a condition. Grover presented letters to the trial court, demonstrating his familial support, his good conduct while in custody pending trial, and his participation in mental health counseling while in custody.

{¶ 9} Grover also spoke, expressing sorrow and regret for his offenses. Grover explained his searches on how to delete Snapchat were indicative of his shame and his attempt to undo his conduct, and Grover pointed out that he spent six or seven months knowing the charges were coming, and instead of running, he cooperated with police and turned himself in once a warrant issued. Grover asked the trial court to take his remorse and need for therapy into account and impose a community control sanction with time reserved if he should fail in any way to abide by the terms imposed.

{¶ 10} The trial court considered the sentencing factors under R.C. 2929.11 and 2929.12, as well as sentencing memorandum, letters, and the presentence investigation report. After also reviewing the factors under R.C. 2929.13, the trial court found that Grover was not amenable to community control and imposed a prison term of six years as to the first count, with an indefinite term of three years under R.C. 2929.144, the Reagan Tokes law, and a prison term of six years as to the second count. The trial court then ordered the sentences to run consecutively, for an aggregate prison term of 12 to 15 years, reciting the following:

> Consecutive service is necessary to protect the public from future crime or punish the offender. Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. At least two of the multiple offenses were committed as part of one or more courses of conduct. The harm caused by two or more of the multiple offenses so committed was so great or unusual

4.

that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 11} The trial court dismissed counts three through seven pursuant to the plea agreement, suspended costs for the period of incarceration, and provided notice of Tier II sex offender registration requirements and mandatory post-release control following release.

{¶ 12} Grover filed a timely appeal of the judgment.

### III.  Assignment of Error

{¶ 13} In his appeal, Grover asserts the following assignments of error:

1. The trial court's sentence of Appellant was contrary to law, since the trial court imposed a sentence which was, with respect to both Count One and Count Two, grossly disproportionate and inconsistent with sentences previously imposed for similar offenses by similar offenders, in violation of Appellant's right against cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.

2. The trial court's imposition of consecutive sentences, on Counts One and Two, was not supported by the record.

### IV.  Analysis

{¶ 14} Each of Grover's assignments of error challenge his sentence. We review felony sentences pursuant to R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

5.

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 15} In his first assignment of error, Grover argues that the prison sentence imposed for each count, six to nine years for the first count and six years for the second count, amounts to cruel and unusual punishment based on comparisons to other sentences imposed on other offenders for commission of the same offenses. Grover challenges the sentence for each count under R.C. 2953.08(G)(2)(b), arguing the sentences are contrary to law.

{¶ 16} In arguing his sentence is contrary to law, Grover emphasizes that his challenge in his first assignment of error is constitutional, based on the Eighth Amendment to the United States Constitution, rather than a statutory challenge under R.C. 2929.11 and 2929.12. Grover argues that his near-maximum sentence on each count was so greatly disproportionate to the offenses as to shock the sense of justice of the community, considering his lack of a prior criminal history and his cooperation with the criminal investigation.

{¶ 17} The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment applies to the states pursuant to the

6.

Fourteenth Amendment. *State v. Hairston,* 2008-Ohio-2338, ¶ 12 citing *Robinson v. California,* 370 U.S. 660 (1962).

{¶ 18} In *McDougle v. Maxwell,* 1 Ohio St.2d 68 (1964), the Ohio Supreme Court determined that sentences within the statutory limits "cannot amount to a cruel and unusual punishment." *Id.* at 69, citing *Martin v. United States,* 317 F.2d 753 (9th Cir.1953) (additional citation omitted.). The Court stated that "punishments which are prohibited by the Eighth Amendment are [generally] limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *Id.*

{¶ 19} Grover does not challenge his individual sentences as beyond the statutory range. Instead, Grover argues that the sentence for each count was grossly disproportionate because Grover did not have an economic motive, he did not disseminate any images for which he pleaded guilty, and Grover transferred the image of his daughter from her iCloud to his own device with the intent of disciplining her. Grover also argues that other defendants, committing more egregious child pornography offenses, received shorter prison terms than Grover.

{¶ 20} We previously addressed similar argument in *State v. Turvey,* 2023-Ohio-2248 (6th Dist.) and determined that individual sentences that fall within the terms of the statute can not amount to cruel and unusual punishment under the Eighth Amendment. *Id.* at ¶ 121, citing *McDougle* at 69; *State v. Ramirez,* 2013-Ohio-843, ¶ 19 (6th Dist.). Comparison to sentences in other cases, moreover, is not the type of proportionality

7.

review required under the sentencing statutes. *See State v. Georgakopoulos,* 2003-Ohio-4341, ¶ 19 (8th Dist.) (consistency of sentences accepts "divergence within a range of sentences" and not uniformity). Furthermore, the proportionality review under the Eighth Amendment focuses on the individual sentences, rather than the "aggregate term resulting from consecutive imposition of those sentences[.]" *State v. Laraby,* 2023-Ohio-741, ¶ 12 (6th Dist.), quoting *State v. Hairston,* 2008-Ohio-2338, ¶ 20.

{¶ 21} Here, the trial court sentenced Grover to a less-than-maximum sentence as to each count, after considering the factors under R.C. 2929.11 and 2929.12. Under R.C. 2929.11, a court is "guided by the overriding purposes of felony sentencing[,]" which includes determining the "minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Under R.C. 2929.12, a court must also consider the likelihood of recidivism, among other factors. R.C. 2929.12(D) and (E). Grover argues these factors in support of his Eighth Amendment challenge, without challenging the statutory framework governing felony sentencing and appellate review. The statutory framework does not include a proportionality review, requiring a court to compare the sentence selected under the guidance of R.C. 2929.11 and 2929.12 to other sentences imposed in other cases. Furthermore, R.C. 2953.08(G)(2) does not permit independent review of a trial court's determinations under R.C. 2929.11 and 2929.12. *See State v. Jones,* 2020-Ohio-6729, ¶ 42.

8.

**{¶ 22}** Therefore, considering each offense individually, we do not find Grover's prison sentence of 12 to 15 years in prison constituted cruel and unusual punishment, as the individual terms fall within the statutory range permitted. *State v. Ramirez,* 2013-Ohio-843, ¶ 19 (6th Dist.). Accordingly, Grover's first assignment of error is not well-taken.

**{¶ 23}** In his second assignment of error, Grover challenges the imposition of consecutive sentences as unsupported by the record. Grover acknowledges that the trial court made the required findings under R.C. 2929.14(C)(4) and included the findings in the sentencing entry. These findings are:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

9.

**{¶ 24}** While acknowledging the trial court's findings, Grover argues that the record did not demonstrate that consecutive sentences were necessary to protect the public from future crime or punish the offender, or that consecutive sentences were proportionate to the seriousness of his conduct and the danger he posed to the public. Grover also argues that the evidence does not demonstrate great or unusual harm, considering there was no physical violence or sexual contact with either victim.

**{¶ 25}** To prevail on his challenge to the imposition of consecutive sentences, Grover must demonstrate that the record "clearly and convincingly" "*does not support the sentencing court's findings[.]*" *See State v. Morse,* 2025-Ohio-2713, ¶ 22 (6th Dist.), quoting *State v. Glover,* 2024-Ohio-5195, ¶ 52, quoting R.C. 2929.14(C)(4) and 2953.08(G)(2)(a) (emphasis in the original). In citing examples of evidence that do not demonstrate a need for consecutive sentences, Grover ignores the evidence that provided support for the trial court's findings in favor of consecutive sentences.

**{¶ 26}** "[U]nder the plain language of R.C. 2953.08(G)(2), an appellate court must defer to a trial court's consecutive-sentence findings and uphold those findings 'unless [they] are clearly and convincingly not supported by the record." *State v. Lockett,* 2025-Ohio-5076, ¶ 12 (6th Dist.), citing *State v. Glover,* 2024-Ohio-5195. "Clear and convincing evidence" is "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v.*

10.

*Gwynne,* 2023-Ohio-3851, ¶ 14 (lead opinion), quoting *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. Applying this standard, we "must have a firm belief or conviction that the record does not support the trial court's findings" before we may modify the consecutive sentences imposed by the trial court. *Lockett* at ¶ 13, citing *Gwynne* at ¶ 15.

{¶ 27} In this case, the trial court considered the evidence cited by Grover, that he had no criminal history and was diagnosed with a mental illness that contributed to the offenses, for which Grover expressed a willingness for treatment. However, the trial court also considered the victim impact statement, outlining the great harm and trauma suffered by Grover's daughter, and we previously rejected the argument that "possession of child pornography is not particularly harmful to the children depicted therein." (Citations omitted) *State v. Smith,* 2021-Ohio-4234 (6th Dist.) ("Both the Supreme Courts of the United States and Ohio have unequivocally found that children are seriously harmed by the mere possession of pornography in which they are depicted."). Finally, Grover's likelihood of recidivism without intensive therapy, as expressed in the mental health evaluation, was acknowledged by Grover's trial counsel at sentencing, and while Grover only entered a plea as to two counts, his conduct was admittedly more extensive and involved more than one victim.

{¶ 28} Considering the facts before the trial court, we cannot conclude that the trial court's findings are clearly and convincingly *not supported* by the record. Grover's second assignment of error, accordingly, is not well-taken.

11.

## V. Conclusion

**{¶ 29}** We affirm the judgment of the Ottawa County Court of Common Pleas.

Grover is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.